O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 14-cv-03551 (VEB)

HRIPSIME DARMARYAN,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In July of 2011, Plaintiff Hripsime Darmaryan applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorney, Suzanne Leidner, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 2, 3, 11, 17, 18). On March 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 30).

## II. BACKGROUND

Plaintiff applied for SSI benefits and DIB on July 29, 2011, alleging disability due to mental and physical impairments. (T at 211).[1]  The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On December 21, 2012, a hearing was held before ALJ Stuart Waxman (T at 29).  Plaintiff appeared with her attorney and testified through an interpreter. (T at 32-51).  The ALJ received testimony from Elizabeth Ramos, a vocational expert (T at 52-56).

On January 18, 2013, the ALJ issued a written decision denying the applications for benefits.  (T at 9-25).  The ALJ's decision became the

[1] Citations to ("T") refer to the administrative record at Docket No. 15

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

Commissioner's final decision on March 26, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On May 8, 2014, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 5). The Commissioner interposed an Answer on November 12, 2014. (Docket No. 14). The parties filed a Joint Stipulation on March 21, 2015. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

4

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.   Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1    Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

2    Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

3    set aside if the proper legal standards were not applied in weighing the evidence and

4    making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

5    432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

6    administrative findings, or if there is conflicting evidence that will support a finding

7    of either disability or non-disability, the finding of the Commissioner is conclusive.

8    *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9    **C.    Commissioner's Decision**

10           The ALJ determined that Plaintiff had not engaged in substantial gainful

11   activity since February 1, 2010, the alleged onset date, and met the insured status

12   requirements of the Social Security Act through December 31, 2010 (the "date last

13   insured.") (T at 14).   The ALJ found that Plaintiff had the following medically

14   determinable impairments, which were, in combination, "severe" under the Act:

15   cervical spine loss of lordosis (possibly due to muscle spasm); mild spurring of the

16   C6 spine; degenerative spondylosis at L1-2; depressive disorder NOS; generalized

17   anxiety disorder; dependent personality features; headaches; vertigo; fatigue;

18   degenerative spondylosis of the lumbar spine with neuropathy; insomnia; obesity;

19   type II diabetes mellitus; hypertension; dizziness; dependent personality disorder;

20

1   physical condition affecting psychological state; and dependent and avoidance

2   personality features. (Tr. 14-15).

3       However, the ALJ concluded that Plaintiff did not have an impairment or

4   combination of impairments that met or medically equaled one of the impairments

5   set forth in the Listings. (T at 15).

6       The ALJ determined that Plaintiff retained the residual functional capacity

7   ("RFC") to perform medium work as defined in 20 CFR § 416.967 (c), with the

8   following limitations: she can lift/carry 50 pounds occasionally and 25 pounds

9   frequently; stand/walk (with normal breaks) for 6 hours in an 8-hour workday; sit

10  (with normal breaks) for 6 hours in an 8-hour workday; and perform simple, routine,

11  repetitive work that involves simple work-related decisions and routine workplace

12  changes. (T at 15).

13      The ALJ concluded that Plaintiff could perform her past relevant work as a

14  stock selector and jewelry repairer. (T at 19).   In the alternative, considering

15  Plaintiff's age (51 years old on the alleged onset date), education (limited), work

16  experience, and residual functional capacity, the ALJ found that jobs exist in

17  significant numbers in the national economy that Plaintiff can perform. (T at 19).

18      Accordingly, the ALJ determined that Plaintiff was not disabled within the

19  meaning of the Social Security Act between February 1, 2010 (the alleged onset

20

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

date) and January 18, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 20-21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.     Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers four (4) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ did not properly assess the medical opinion evidence.  Second, she challenges the ALJ's credibility determination.  Third, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence.  Fourth, Plaintiff contends that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

# IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

### 1.      Dr. Barsegyan

In August of 2011, Dr. Arsine Barsegyan, a treating physician, completed a medical report memorandum, wherein he diagnosed numerous impairments and reported that Plaintiff's range of motion was 60% of normal in the lumbosacral and cervical region. (T at 220).   He described Plaintiff's prognosis as "poor." (T at 221). Dr. Barsegyan opined that Plaintiff was limited to 30 minutes of standing, sitting, or walking at a time and could stand/sit/walk for 3 hours in an 8-hour workday. (T at 222).   He concluded that Plaintiff could occasionally bend, climb or reach above shoulder level, but never squat, kneel, crawl, or climb. (T at 222).

Dr. Barsegyan opined that Plaintiff could occasionally lift/carry up to 10 pounds, but never more than that. (T at 222-23).   He assessed moderate gross and fine motor limitations and concluded that Plaintiff could not use her feet for repetitive movements. (T at 223).   Dr. Barsegyan opined that Plaintiff would need to lie down every 3 hours due to neck and back pain. (T at 223).   He described Plaintiff as compliant with treatment and medications. (T at 224).   According to Dr. Barsegyan, Plaintiff is "disabled and cannot work." (T at 224).

Dr. Barsegyan completed another medical report memorandum in May of 2012 and made similar findings. (T at 289-93).

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

The ALJ afforded little weight to Dr. Barsegyan's opinions.  (T at 17).  For the following reasons, this Court finds the ALJ's decision to discount the Dr. Barsegyan's assessments supported by substantial evidence and consistent with applicable law.

Dr. Kenneth Wainner, a non-examining State Agency review physician, completed a medical records review in January of 2012.  He concluded that Plaintiff could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand/walk (with normal breaks) for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 264).  Dr. Wainner explained that Plaintiff's impairments were "fairly mild," but found that, considering her obesity and other medically diagnosed impairments, she would likely be limited to medium work. (T at 269).

State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

Social Security disability evaluation.").  In this case, Dr. Wainner's assessment, in combination with the evidence discussed below, was sufficient to support the ALJ's decision to discount Dr. Barsegyan's opinion.

In October of 2011, the Cooperative Disability Investigations Unit ("CDI"), a joint investigative agency of the Social Security Administration and Office of the Inspector General, completed an investigation of Plaintiff based on an anonymous referral that Plaintiff was malingering. (T at 175).  When observed by CDI investigators, Plaintiff had no difficulty standing, walking, or sitting and demonstrated the ability to attend to self-care, perform chores, and handle her finances. (T at 175).  During her interview with CDI representatives, Plaintiff was able to sit down and stand up from a seated position without difficulty, remain seated for the entire 30-minute interview without difficulty, use her hands to handle medication bottles without difficulty, and walk to her mailbox and collect her mail without difficulty. (T at 177).

Dr. Helen Rostamloo, a Board-certified internal medicine consultative examiner, performed an examination in October of 2011.  She found normal range of motion with regard to Plaintiff's upper and lower extremities, and normal muscle bulk and tone without atrophy. (T at 241).  Dr. Rostamloo described the examination as "unremarkable except for mild pain, with full range of motion of the knees." (T at

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

242).  She opined that Plaintiff had no limitations with regard to lifting and carrying, pushing and pulling, walking and standing, sitting, or with regard to use of her hands for fine and gross manipulation. (T at 242).

The ALJ noted that Plaintiff has received a conservative course of treatment for her physical impairments.  For example, she has not received any physical therapy or chiropractic treatment and there is no indication that any professional has suggested surgery.  (T at 18).  *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)(fact that claimant received only conservative treatment for back injury was clear and convincing reason for discounting opinion that the claimant was disabled).

In light of the foregoing, the ALJ acted within his discretion in discounting Dr. Barsegyan's very severe assessments.  Dr. Rostamloo examined Plaintiff, offered detailed findings, and opined that Plaintiff had no significant work-related limitations. (T at 242).  This expert assessment was consistent with Dr. Wainner's opinion, which was rendered after a careful review of Plaintiff's medical records. (T at 269).  Both of these opinions were consistent with the CDI investigation's findings and the conservative treatment history, which indicated that Plaintiff was not as limited with regard to her activities of daily living as would be expected based on the severe limitations assessed by Dr. Barsegyan. (T at 175-77).

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1    Although a treating physician's opinion is entitled to deference, the ALJ may

2    reject that opinion where, as here, the ALJ set out a detailed a thorough summary of

3    the record, including conflicting medical opinions, and stated his interpretation of

4    the evidence in a manner that a "reasonable mind might accept as adequate to

5    support a conclusion." *Richardson*, 402 U.S. at 401 (1971). "The opinions of non-

6    treating or non-examining physicians may also serve as substantial evidence when

7    the opinions are consistent with independent clinical findings or other evidence in

8    the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also*

9    20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants

10   and other program physicians, psychologists, and other medical specialists are

11   highly qualified physicians, psychologists, and other medical specialists who are

12   also experts in Social Security disability evaluation.").

13   Plaintiff argues that the ALJ should have weighed the evidence differently and

14   resolved the conflict in favor of Dr. Barsegyan's assessments. However, it is the

15   role of the Commissioner, not this Court, to resolve conflicts in evidence.

16   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at

17   400. If the evidence supports more than one rational interpretation, this Court may

18   not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d

19   577, 579 (9th 1984). If there is substantial evidence to support the administrative

20

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1   findings, or if there is conflicting evidence that will support a finding of either

2   disability or nondisability, the Commissioner's finding is conclusive. *Sprague v.*

3   *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's findings were

4   supported by substantial evidence (e.g. the assessments of a consultative examiner,

5   State Agency review physician, conservative treatment history, and CDI

6   investigation) and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094,

7   1098 (9th Cir. 1999)(holding that if evidence reasonably supports the

8   Commissioner's decision, the reviewing court must uphold the decision and may not

9   substitute its own judgment).

10        **2.        Dr. Simonian**

11        Dr. Stephen Simonian, a psychiatrist, first saw Plaintiff in May of 2011. In his

12   initial evaluation, Dr. Simonian diagnosed depressive disorder NOS, generalized

13   anxiety disorder, and dependent personality features. (T at 212).   Upon a mental

14   status examination, Dr. Simonian found Plaintiff's affect constricted and her mood

15   anxious and sad.  He found her ability to sustain concentration "poor." (T at 212-13).

16        In a follow-up evaluation conducted in May of 2012, Dr. Simonian again

17   noted that Plaintiff's ability to sustain concentration was poor. (T at 284).   He

18

19

20

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

assigned a Global Assessment of Functioning ("GAF") score[2] of 50 (T at 285), which is indicative of serious impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009). In a December 2012 follow-up, Dr. Simonian again found a poor ability to sustain concentration and again assessed a GAF score of 50. (T at 314).

The ALJ gave little weight to Dr. Simonian's opinions. (T at 18).  This Court finds this aspect of the ALJ's decision supported by substantial evidence.  Plaintiff's visits with Dr. Simonian were infrequent (with several months between each visit) and there is no indication that she required more frequent or aggressive psychiatric treatment. (T at 234, 276, 284-85, 314-15).  Although Dr. Simonian assessed poor concentration and some short-term memory deficits, he did not note any deficits in intellectual function, comprehension, or abstract thinking. (T at 212-13, 284).  The CDI investigation indicated that Plaintiff was alert, coherent, and focused; could understand and respond to questions without difficulty; did not appear distressed or anxious; was calm and cooperative; and could concentrate and follow a conversation. (T at 175, 177).

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1    Dr. Joan Holloway, a non-examining State Agency review consultant,

2  diagnosed depressive disorder, NOS and dependent personality features. (T at 251,

3  255). She assessed mild restriction in activities of daily living, mild difficulties in

4  maintaining social functioning, and mild difficulties in maintaining concentration,

5  persistence, or pace. (T at 258). Dr. Holloway provided a detailed summary and

6  analysis of Plaintiff's records, ultimately concluding that her mental impairments

7  were "non-severe." (T at 260).

8    The ALJ, based on observations during the hearing and the overall record,

9  gave some weight to Dr. Holloway's assessment, but ultimately concluded that

10  Plaintiff was more limited that Dr. Holloway believed. In particular, the ALJ found

11  that Plaintiff did have severe mental health impairments (depressive disorder,

12  dependant and avoidant personality features) (T at 14) and had moderate limitations

13  with regard to maintaining concentration, persistence, or pace. (T at 18). The ALJ

14  incorporated these limitations into the RFC determination, finding that Plaintiff was

15  limited to simple, routine, repetitive work that involves only simple work-related

16  decisions and routine workplace changes. (T at 15).

17    The ALJ's assessment was sufficiently supported by the record, including Dr.

18  Holloway's findings, the CDI investigation, and the conservative mental health

19  treatment history. Thus, the ALJ's decision must be upheld.

20

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She was born in Armenia and immigrated to the United States in 1998. (T at 32-33). She speaks some English. (T at 33). She attended school through the eighth

grade. (T at 33).  She lives with her 21 year old son in an apartment. (T at     34).

Before becoming disabled, she worked in the stockroom at J.C. Penney. (T at 34-

35).  She also worked as a home health care aide. (T at 35-36).  She suffers from

back and neck pain, headaches, and dizziness. (T at 37).   Arthritis, diabetes,

depression, and high blood pressure are also issues. (T at 37-38).  She has difficulty

sleeping. (T at 38).  Medication helps relieve her depressive symptoms on occasion.

(T at 38).  She attends individual mental health counseling every three months and

sometimes finds it helpful. (T at 39).   She has never been hospitalized for a

psychiatric illness. (T at 39).  Radiating pain and numbness in her legs and arms is

an issue. (T at 40).  She has never received any physical therapy, chiropractic care,

or acupuncture for her conditions. (T at 40).   No one has recommended back

surgery. (T at 40).  Back pain is constant. (T at 40).

She has frequent headaches, accompanied by perspiration.  Tylenol helps "a

little bit." (T at 41).  She has arthritis in her shoulder, elbows, neck, low back, knees,

and ankles. (T at 41).  Swelling in her legs and knees prevents her from bending,

stooping, or kneeling. (T at 43).  Her son performs all household chores. (T at 43-

44).

Lifting is limited to 3 to 4 pounds. (T at 45-46).  She can sit for 15 minutes at

a time, stand for 10 minutes, and walk 7-8 minutes. (T at 46).  She has trouble with

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

stairs and difficulty grasping objects. (T at 46).    She is 5' 4" tall and weighs 200 pounds. (T at 47).   She spends most of her day lying down due to back pain. (T at 50).   She has occasional muscle spasms in her neck, back, leg, and calf. (T at 51).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 16).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.   As noted above, two medical experts (Dr. Rostamloo and Dr. Wainner) assessed the limitations arising from Plaintiff's physical impairments and concluded they were not as disabling as she alleged. (T at 242, 269).   Plaintiff's testimony regarding her physical impairments was contradicted by imaging studies, which Dr. Wainner reviewed and found to be mild in nature and inconsistent with Plaintiff's claims. (T at 209, 220-230, 269, 289-98).   Dr. Holloway provided a detailed summary and analysis of Plaintiff's mental health records, ultimately concluding that her mental impairments were "non-severe." (T at 260). Plaintiff's treatment history was quite conservative, with no physical therapy, chiropractic care, or surgery recommendations. (T at 18).   Her mental health treatment was limited to quarterly visits, with no psychiatric

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1    hospitalizations.  (T at 18).  "Evidence of 'conservative treatment' is sufficient to

2    discount a claimant's testimony regarding the severity of an impairment." *Parra v.*

3    *Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

4        As discussed above, the CDI investigation indicated that Plaintiff performed a

5    range of physical and mental activities of daily living without noted difficulty. (T at

6    174-78).  The CDI investigates disability claims when State disability examiners

7    have some reason to believe the claim may be fraudulent.  *See CDI website*,

8    http://oig.ssa.gov/cooperative-disability-investigations-cdi  (last  visited  Apr.  25,

9    2016).

10       Here, the CDI received an anonymous tip that Plaintiff was malingering. (T at

11    175).  The courts have recognized that an ALJ may consider the findings of a fraud

12    investigation performed by the CDI when assessing a claimant's credibility.  *See*

13    *Knight v. Colvin*, 2014 U.S. Dist. LEXIS 141493, at *6 (C.D. Cal. Oct. 2,

14    2004)(collecting cases); *see also Elmore v. Colvin*, 617 Fed. Appx. 755, 757 (9th Cir.

15    2015)(ALJ did not err by relying on CDI investigation).

16       Moreover, when assessing a claimant's credibility, the ALJ may employ

17    "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613

18    F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284

19    (9th Cir. 1996)).  Activities of daily living are a relevant consideration in assessing a

20

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1     claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

2     Although the claimant does not need to "vegetate in a dark room" to be considered

3     disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

4     a claimant's testimony to the extent his or her activities of daily living "contradict

5     claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

6     13 (9th Cir. 2011).

7         This Court recognizes that Plaintiff's son submitted a report in which he

8     asserted severe limitations consistent with his mother's subjective complaints.  (T at

9     151-58).  "Testimony by a lay witness provides an important source of information

10    about a claimant's impairments, and an ALJ can reject it only by giving specific

11    reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th

12    Cir. 1999).  Here, the ALJ discussed the lay report, but found it unpersuasive for the

13    same reasons he found Plaintiff's subjective testimony not fully credible, namely,

14    inconsistency with the record evidence, including the assessments of three medical

15    experts, the conservative treatment history, imaging studies, the CDI investigation,

16    and Plaintiff's activities of daily living. (T at 19).

17         Where, as here, substantial evidence supports the ALJ's credibility

18    determination, this Court may not overrule the Commissioner's interpretation even if

19    "the evidence is susceptible to more than one rational interpretation." *Magallanes*,

20

881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## C.   RFC Determination

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ was not required to incorporate into RFC findings from treating-physician opinions that were "permissibly discounted").

Here, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 CFR § 416.967 (c), with the following limitations: she can

lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk (with normal breaks) for 6 hours in an 8-hour workday; sit (with normal breaks) for 6 hours in an 8-hour workday; and perform simple, routine, repetitive work that involves only simple work-related decisions and routine workplace changes. (T at 15).

This Court finds the ALJ's RFC determination supported by substantial evidence, including (as discussed in detail above) the assessments of Dr. Wainner, Dr. Rostamloo, Dr. Holloway, the CDI investigation, the conservative treatment history, and imaging studies. (T at 15-19). Plaintiff contends that the ALJ's limitation to "simple work-related decisions and routine workplace changes" did not account for her difficulties with concentration, persistence, and pace. This argument was rejected by the Ninth Circuit in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008), wherein the court held that a limitation to "simple, routine, repetitive tasks" sufficiently "captured" the claimant's limitations with regard to concentration, persistence, or pace. This Court thus finds no basis to reverse the ALJ's RFC determination.

**D.   Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can

perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, at step five of the sequential evaluation, the ALJ relied on the testimony of a vocational expert and found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 19-20).[3]  Plaintiff contends that the hypothetical questions presented to the vocational expert did not incorporate all of her limitations.

---

[3] The ALJ also found that Plaintiff could perform her past relevant work as a stock selector and jewelry repairer, which provides an additional, alternative basis for sustaining the decision. (T at 19).

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

1    However, the ALJ's hypothetical included the limitations set forth in the RFC

2    (T at 53-54), which was supported by substantial evidence for the reasons outlined

3    above. The ALJ reasonably relied on the vocational expert's expertise in this regard

4    and this Court finds no basis for disturbing the Commissioner's decision. *See Hall v.*

5    *Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash.

6    Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed

7    by simply restating argument that the ALJ improperly discounted certain evidence,

8    when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-*

9    *Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

10

11                                   **V. CONCLUSION**

12    After carefully reviewing the administrative record, this Court finds

13    substantial evidence supports the Commissioner's decision, including the objective

14    medical evidence and supported medical opinions. It is clear that the ALJ thoroughly

15    examined the record, afforded appropriate weight to the medical evidence, including

16    the assessments of the treating and examining medical providers and medical

17    experts, and afforded the subjective claims of symptoms and limitations an

18    appropriate weight when rendering a decision that Plaintiff is not disabled. This

19    Court finds no reversible error and because substantial evidence supports the

20

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB

Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order and serve copies upon counsel for the parties.

DATED this 26th day of April, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DARMARYAN v COLVIN 14-CV-03551-VEB